IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 13-cv-00273-RPM

ELMOSES BLACKWELL,

    Plaintiff,

v.

STELLAR RECOVERY, INC.,

    Defendant.

_____

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
_____

It is undisputed that the defendant, Stellar Recovery, Inc., ("Stellar") a debt collector under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.,* reported that Elmoses Blackwell owed $498.00 to Comcast to credit reporting agencies in September, 2012, without reporting that the account was disputed despite the fact that Blackwell so advised a representative of defendant of that fact in a telephone conversation on May 16, 2011, and the fact that it had previously been sued for an earlier violation of such reporting in a civil action which was settled.

There is no dispute that the violation occurred.  The only liability issue in this case is whether the defendant may submit to a jury the affirmative defense that the reporting resulted from a bona fide error, thereby avoiding liability under 15 U.S.C. § 1692k(c), which reads as follows:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

Blackwell moved for summary judgment on that issue asserting that the defendant has not provided factual support for the essential element of that defense that Stellar maintains procedures reasonably adapted to avoid any such error.  The defendant maintains account

notes showing the status of the millions of accounts it seeks to collect and the fact that the Comcast account is disputed by Blackwell is shown in those notes.  Stellar used a computer software program and according to the deposition testimony and declaration of Bob Peterson, Stellar's Chief Compliance Officer, as a result of the filing of the first lawsuit, he moved the plaintiffs account into a "HLD folder" which would delete this account from the credit bureaus and stop all collection activity.  Peterson explained that Blackwell's account was not deleted from the credit bureau records because of unspecified software changes to the parameters of the HLD folders that allowed regular credit bureau updates performed by Stellar to include the accounts in the HLD folder.  In short, the defense is based on a failure of Stellar's system of reporting.  That does not meet the defendant's burden of showing that it had adequate procedures in place to avoid this reporting error.

While the defendant contends that this violation was not intentional and done in an attempt to collect the plaintiff's debt, it is clear that Stellar's business practice is to report accounts to credit bureaus with the expectation that it will motivate the debtor to pay and that the subjective intent of the company in using this flawed system of updating credit bureau reports is to keep the pressure on the debtors.  It is

ORDERED, that plaintiff's motion for partial summary judgment is granted and this civil action will go forward to trial for a jury determination of the amount of statutory damages.

DATED: December 17th, 2013

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge